**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Shiqi Liu**<br>*Kunyufu 5haolou 3danyuan 202, Haidian District, Beijing, China*<br><br>Plaintiff,<br>v.<br><br>**U.S. Citizenship and Immigration Services,**<br>Executive Agency,<br>*5900 Capital Gateway Drive*<br>*Mail Stop 2120*<br>*Camp Springs, MD 20588-0009*<br><br>Defendant. | Civil Action No. 1:26-cv-493<br><br>**Plaintiff's Complaint for Declaratory and Injunctive Relief Under the Freedom of Information Act** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

1. On October 21, 2025, Plaintiff submitted a Freedom of Information Act ("FOIA") request to the U.S. Citizenship and Immigration Services ("Defendant" or "USCIS"), seeking records relating to fraud or misrepresentation findings associated with her I-140 immigrant petition and I-485 adjustment of status application, and any communications or referrals between USCIS (including Fraud Detection and National Security Directorate ("FDNS")) and the Department of State concerning those findings.

2. On November 19, 2025, USCIS provided some information, but omitted the core records that were explicitly requested and that unquestionably exist.

3. On December 22, 2025, Plaintiff timely submitted an administrative appeal based on USCIS's failure to conduct an adequate search, failure to produce clearly responsive records, and improper withholding without sufficient justification, particularly with respect to records

relating to Form I-140, Form I-485, and any fraud, misrepresentation, or FDNS-related determinations.

4. On January 26, 2026, USCIS confirmed receipt of Plaintiff's administrative appeal, however has not provided any further information or responses.

5. Plaintiff brings this action seeking to compel production of the requested information pursuant to 5 U.S.C. § 552.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 5 U.S.C. §§ 552(a)(4)(B), 5 U.S.C. §§ 552(a)(6)(C)(i) and 28 U.S.C. § 1331.

7. Venue in the United States District Court for the District of Columbia is appropriate under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

8. **Plaintiff Shiqi Liu**, is a Chinese national who resides in Beijing, China. On October 21, 2025, Plaintiff submitted her FOIA request to USCIS seeking inter-agency communications, referral memoranda, and administrative correspondence reflecting information received from USCIS or FDNS regarding alleged fraud findings related to the Plaintiff's immigrant petitions.

9. **Defendant USCIS** is a component agency of the Department of Homeland Security ("DHS") and an agency of the United States under 5 U.S.C. § 552(f)(1). Among other duties, USCIS is responsible for immigration services and benefits in the United States. USCIS has responsive records in its possession, custody, and control. USCIS is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA.

## STATEMENT OF FACTS

10. On October 21, 2025, Plaintiff filed her FOIA request with USCIS requesting inter-agency communications, referrals, or data exchanges from DHS or USCIS. *See* Exhibit A (Copy of Plaintiff's FOIA Request).

11. On October 23, 2025, USCIS confirmed receipt of Plaintiff's FOIA request by issuing the following control number: NRC2025482633.

12. On November 19, 2025, USCIS responded that they identified 537 pages that are responsive to Plaintiff's request, however they only enclosed 194 pages, released in their entirety, and 109 pages, released in part. USCIS withheld 234 pages in full. *See* Exhibit B (Partial Denial of FOIA).

13. In their review of these pages, USCIS claims they contain no reasonably segregable portion(s) of non-exempt information. USCIS further alleges that they have reviewed and determined to release all information except those portions that are exempt pursuant to 5 U.S.C. § 552 (b)(6), (b)(7)(E), and (b)(7)(c) of the FOIA. *See id.*

14. USCIS produced no substantive records relating to the I-140 petition or I-485 application, nor any FDNS records explaining the basis for the adverse determinations that have had severe immigration consequences for the Plaintiff.

15. On December 22, 2025, Plaintiff timely submitted an administrative appeal pursuant to 5 U.S.C. § 552(a)(6)(A)(i) based on USCIS's failure to conduct an adequate search, failure to produce clearly responsive records, and improper withholding without sufficient justification, particularly with respect to records relating to Form I-140, Form I-485, and any fraud, misrepresentation, or FDNS-related determinations. *See* Exhibit C (FOIA Appeal).

16. On January 26, 2026, Defendant confirmed receipt of Plaintiff's administrative appeal, however has not provided any additional information or responses. *See* Exhibit D (Appeal Acknowledgment Letter).

17. Upon receiving an administrative appeal, an agency has twenty business days to make a determination, although, as in the context of initial determinations, it may extend this timeline by ten days for unusual circumstances. *See* 5 U.S.C. § 552(a)(6)(A)(ii), (B)(i).

18. To date, USCIS has failed to inform Plaintiff of any "unusual circumstances" surrounding her request.

19. As of this date, USCIS has failed to make a determination regarding Plaintiff's appeal.

20. To date, USCIS has failed to produce responsive agency records to Plaintiff and the statutory period for an agency response has expired.

21. USCIS has similarly failed to conduct an adequate search, produce clearly responsive records, and provide sufficient justification for withholding documents.

22. Under FOIA, individuals making FOIA requests are deemed to have exhausted their administrative remedies if the agency fails to comply within the applicable time limit provisions set forth in the statute. *See* 5 U.S.C. § 552(a)(6)(C)(i).

23. Plaintiff has exhausted all administrative remedies and brings this action to compel the production of the documents in Defendants' possession.

## CAUSES OF ACTION

### COUNT ONE

**Violation of the Freedom of Information Act, 5 U.S.C. § 552 for Failure to Respond Within the Time Required.**

24. Plaintiff repeats the allegations in paragraphs 1-23 and incorporates them as though fully set forth herein.

25. Under FOIA, Defendant was required to respond to Plaintiff's FOIA administrative appeal and to notify Plaintiff of the agency's determination within twenty business days after receiving the request. 5 U.S.C. § 552(a)(6)(A), (6)(B).

26. Defendant's failure to make the requisite determination and to communicate it to Plaintiff within the time allowed by the statute violates the FOIA. 5 U.S.C. § 552(a)(6)(A)(ii).

## COUNT TWO

### Violation of the Freedom of Information Act, 5 U.S.C. § 552 for Failure to Conduct an Adequate Search.

27. Plaintiff repeats the allegations in paragraphs 1-23 and incorporates them as though fully set forth herein.

28. FOIA requires agencies to conduct a search "reasonably calculated to uncover all relevant documents." *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). Moreover, "an inadequate search for records constitutes an improper withholding under the FOIA." *Lockett v. Wray*, 271 F. Supp. 3d 205, 208 (D.D.C. 2017).

29. Defendant has violated its obligation under the FOIA by failing to make a reasonable effort to search for records responsive to Plaintiff's requests. 5 U.S.C. § 552(a)(3)(C).

## COUNT THREE

### Violation of the Freedom of Information Act, 5 U.S.C. § 552; Wrongful Withholding of Records.

30. Plaintiff repeats the allegations in paragraphs 1-23 and incorporates them as though fully set forth herein.

31. Defendant is wrongfully withholding agency records by failing to produce records responsive to Plaintiff's FOIA request and by improperly relying on exemptions without providing any segregability analysis.

32. Defendant is obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to Plaintiff's FOIA requests.

33. Plaintiff has a legal right to obtain such records, or, at minimum, obtain a detailed explanation for Defendant's failure to disclose them.

34. Defendant's failure to disclose all responsive records violates its statutory obligations to make requested records promptly available to the public. 5 U.S.C. § 552(a).

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Assume jurisdiction in this matter and maintain jurisdiction until Defendant complies with FOIA and every order of this Court;

B. Declare that Defendant's failure to make a timely determination with regard to Plaintiff's administrative appeal violates FOIA, 5 U.S.C. § 552(a)(6)(A)(ii), (B)(i);

C. Order Defendant to expeditiously conduct a new, adequate search of all relevant systems and offices, including FDNS, CLAIMS, ELIS, NBC, and Service Centers involved in the I-140 and I-485 adjudications;

D. Order Defendant to produce all records responsive to the I-140 and I-485 and enjoin Defendant from improperly withholding records;

E. Order Defendant to produce FDNS records, including investigative summaries, referrals, and communications;

F. Order Defendant to provide a detailed Vaughn-type explanation for any continued withholdings and release all reasonably segregable portions of withheld records;

G. Declare that Defendant's failure to promptly disclose the records responsive to Plaintiff's request violates FOIA, 5 U.S.C. § 552(a)(3)(A);

H. Award Plaintiff's attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

I. Grant such other relief as the Court may deem just, equitable, and proper.

Respectfully submitted,

*/s/ Waleed Naser*
DC Bar ID: IL0118
Naser Legal, LLC
155 N. Wacker Dr. Suite 4250
Chicago, IL 60606
PH: (872) 265-8490
waleed@naserlegal.com
*Attorney for Plaintiff.*

Dated: February 16, 2026.

**CERTIFICATE OF SERVICE**

I, Waleed Naser, certify that on February 16, 2026, I filed the foregoing with the Clerk of Court using the CM/ECF system, and I certify that I will serve this document, along with sealed summonses, to the individuals listed below pursuant to Fed.R.Civ.P. 4:

USCIS
Office of the Chief Counsel
5900 Capital Gateway Drive
Mail Stop 2120
Camp Springs, MD 20588-0009
uscis.serviceofprocess@uscis.dhs.gov

Pam Bondi
Attorney General of the United States
950 Pennsylvania Avenue, NW,
Washington, DC 20530

U.S. Attorney's Office for the District of Columbia
USADC.ServiceCivil@usdoj.gov

Respectfully submitted this 16th day of February, 2026.

*/s/ Waleed Naser*